

**U.S. Department of Justice**

*United States Attorney's Office*
*District of New Jersey*

---

*970 Broad Street, 7th floor*          *973-645-2700*
*Newark, New Jersey 07102*

RF/STB/PL AGR
USAO No. 2024R00398

December 11, 2025

Julian Wilsey, Esq.
Franzblau Dratch, Pc
Plaza One
354 Eisenhower Parkway
Po Box 472
Livingston, NJ 07039-0472
(973) 992-3700
Email: wilsey@njcounsel.com

Re:    Plea Agreement with LATISHA COLEMAN

Dear Mr. Wilsey:

This letter sets forth the plea agreement between your client, LATISHA COLEMAN ("COLEMAN"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on December 22, 2025, if it is not accepted in writing by that date. If COLEMAN does not accept this plea agreement, her sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from COLEMAN to an Information, which charges COLEMAN with one count of conspiracy to distribute and possess with the intent to distribute controlled substances, contrary to Title 21, United States Code, §§ 841(a)(1) and (b)(1)(C), in violation of 21 U.S.C. § 846. If COLEMAN enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against COLEMAN for distributing or possessing with intent to distribute controlled substances, or for conspiring to do the same from in or around September 2024 through in or around June 2025. However, the parties agree that this agreement does not bar the use of COLEMAN's conduct as set forth in the Information as predicate acts or as the bases for sentencing

(4)     pursuant to 18 U.S.C. § 841, must require COLEMAN to serve a term of supervised release of at least 3 years, which will begin at the expiration of any term of imprisonment imposed. Should COLEMAN be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, COLEMAN may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture

As part of her acceptance of responsibility and pursuant to 21 U.S.C. § 853, COLEMAN agrees to forfeit to the United States any and all property constituting or derived from any proceeds COLEMAN obtained, directly or indirectly, as the result of the violations charged in the Information, and all of COLEMAN 's right, title, and interest in any property in which COLEMAN has an interest that was used or intended to be used, in any manner or part, to commit, and to facilitate the commission of, the violations charged in the Information.

COLEMAN further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the value of the proceeds obtained by COLEMAN (the "Money Judgment"). COLEMAN consents to the entry of an order requiring COLEMAN to pay the Money Judgment, and that such Order will be final as to COLEMAN prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. Any forfeited money and the net proceeds from the sale of forfeited specific property will be applied to the Money Judgment, in partial satisfaction thereof.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating COLEMAN 's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. COLEMAN further agrees that the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

COLEMAN waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging

- 3 -

instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, COLEMAN consents to the entry of an order of forfeiture that, in the Office's discretion, may be final as to COLEMAN prior to COLEMAN's sentencing. COLEMAN understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in this case and waives any failure by the court to advise her of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of COLEMAN's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon her in addition to forfeiture. COLEMAN waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.

COLEMAN represents that she has disclosed all of her assets to the United States on the Financial Disclosure Statement. COLEMAN agrees that if this Office determines that she has intentionally failed to disclose assets on that Financial Disclosure Statement, that failure constitutes a material breach of this agreement. In addition, COLEMAN consents to the administrative, civil, and/or criminal forfeiture of her interests in any assets that she failed to disclose on the Financial Disclosure Statement. Should undisclosed assets that COLEMAN owns or in which COLEMAN has an interest be discovered, COLEMAN knowingly and voluntarily waives her right to any required notice concerning the forfeiture of said assets. COLEMAN further agrees to execute any documents necessary to effectuate the forfeiture of such assets.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on COLEMAN by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of COLEMAN's activities and relevant conduct with respect to this case.

## Stipulations

This Office and COLEMAN will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict

the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and COLEMAN waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

## Immigration Consequences

COLEMAN understands that, if COLEMAN is not a citizen of the United States, COLEMAN's guilty plea to the charged offense will likely result in COLEMAN being subject to immigration proceedings and removed from the United States by making COLEMAN deportable, excludable, or inadmissible, or ending COLEMAN's naturalization. COLEMAN understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. COLEMAN wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause COLEMAN's removal from the United States. COLEMAN understands that COLEMAN is bound by this guilty plea regardless of any immigration consequences. Accordingly, COLEMAN waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. COLEMAN also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against COLEMAN. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against her.

No provision of this agreement shall preclude COLEMAN from pursuing in an appropriate forum, when permitted by law, a claim that she received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between COLEMAN and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

Todd Blanche
U.S. Deputy Attorney General

Philip Lamparello
Senior Counsel

Sam Thypin-Bermeo
Robert Frazer
Assistant U.S. Attorneys

By:

APPROVED:

Samantha C. Fasanello
Chief, OC/Gangs Unit

I have received this letter from my attorney, Julian Wilsey, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. I

- 7 -

understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


Date: 1.7.26

LATISHA COLEMAN


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


Date: 1.7.26

Julian Wilsey, Esq.
Counsel for Defendant

- 8 -

Plea Agreement With LATISHA COLEMAN

Schedule A

1.    This Office and LATISHA COLEMAN agree to stipulate to the following facts:

a.    From in or around September 2024 through in or around June 2025, in Essex County and Union County, in the District of New Jersey, COLEMAN knowingly and intentionally conspired and agreed with others to distribute and possess with the intent to distribute a mixture and substance containing fentanyl.

b.    The conspiracy involved more than 1.2 but less than 4 kilograms of fentanyl.

2.    To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.

3.    The parties agree that a term of imprisonment within the range of 0 to 24 months (the "Stipulated Range") is reasonable taking into account all of the factors set forth in 18 U.S.C. § 3553(a). The parties recognize, however, that the Stipulated Range will not bind the District Court. The parties agree not to seek any sentence outside the Stipulated Range.

4.    If the District Court imposes a term of imprisonment within the Stipulated Range:

a.    This Office will not appeal any component of that sentence. The term "any component of that sentence" means the term of imprisonment, the term (and conditions) of supervised release, any fine, any restitution, any forfeiture, and the special assessment.

b.    COLEMAN will not challenge her conviction for any reason by any means, other than ineffective assistance of counsel, and she will not challenge or seek to modify any component of her sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence.

c.    These waiver provisions, however, do not apply to:

- 9 -

    i.        Any component of the sentence that is below an applicable statutory minimum penalty or above an applicable statutory maximum penalty for COLEMAN 's offense of conviction;

    ii.        Any proceeding to revoke the term of supervised release;

    iii.        A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A); or

    iv.        An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

5.    Lastly, the parties have stipulated to certain facts above. The parties recognize that none of those stipulations bind the District Court. Furthermore, neither party will challenge at any time, using any means, the District Court's acceptance of a stipulated fact.